

**U.S. Department of Justice**

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 20, 2007

FILED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CR: 07-276 (ESH)

**Via Facsimile (202-626-3737)**
Zachary J. Harmon, Esq.
King & Spalding, LLP
1700 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006-5594

Re: Proclad International Pipelines, Limited

Dear Mr. Harmon:

This letter sets forth the plea agreement that this Office is willing to enter into with your client, Proclad International Pipelines, Limited. **This plea offer expires on Friday, September 28, 2007.** If your client accepts the terms and conditions of this offer, please have an authorized representative of your client execute this document in the space provided below and return it to me. Please include a notarized copy of the board resolution which states that your client has authorized this plea agreement and has empowered you, Zachary J. Harmon, Esq., as its outside counsel to act on its behalf for purposes of this plea. Upon my receipt of this document (along with the aforementioned board resolution), this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to waive indictment and enter a plea of guilty to Count One of a one-count Criminal Information, to be filed in the United States District Court for the District of Columbia, charging your client with willfully attempting to violate the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706, and the relevant provisions of the Iranian Transactions Regulations, 31 C.F.R. Part 560, and the Export Administration Regulations, 15 C.F.R. Parts 746 and 764. A copy of the Information is attached. Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offense charged in the Information, accept the attached factual proffer as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2. **Potential penalties and assessments**. Your client, as a corporate violator, understands

that for Count One, pursuant to 18 U.S.C. § 3571(c)(3), the maximum penalty could be a criminal fine of $500,000. Your client is also subject to a term of corporate probation of 5 years pursuant to 18 U.S.C. § 3561. In addition, your client agrees to pay a special assessment of $400 to the Clerk of the United States District Court prior to the date of sentencing.

3. **Additional charges**. In consideration and as an express condition of the corporate plea, no additional criminal charges will be filed, in connection with the conduct giving rise to this plea agreement, against Proclad International Pipelines Limited.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Your client acknowledges that sentencing in this case may, with the approval of the Court, be delayed until any cooperation your client may or will be providing to the government has been completed, as determined by the government, so that the Court will have the benefit of all relevant information.

Your client waives any challenges to venue or jurisdiction in the District of Columbia.

5. **Sentencing Guidelines**. The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines. That is because, although the offense conduct to which your client is pleading guilty is covered by § 2M5.1(a), that Guideline is not listed under § 8C2.1 which governs fines for organizations. Accordingly, pursuant to § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

6. **Plea Pursuant to Rule 11(c)(1)(C)**. Your client and the government agree that a criminal fine of $100,000 and corporate probation of five years, is the appropriate sentence for the offense to which your client is pleading guilty. The parties agree that $100,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes; and in recognition

-2-



of the civil fine that will be paid and other civil sanctions that will be imposed. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to "Clerk, United States District Court for the District of Columbia" at the time of sentencing.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) your client shall pay the sum set forth in this agreement; and (2) pursuant to 18 U.S.C. § 3563(a)(1), your client shall not commit any federal, state or local crimes during the term of probation.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

7. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter in the event the court rejects the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its plea. In such an event, the United States reserves its right to recommend a fine up to the maximum fine allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

8. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be

-3-



free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

If your client breaches this plea agreement, any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

9. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their

-4-



respective jurisdictions. The United States Attorney's Office for the District of Columbia agrees to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this agreement and the cooperation provided by your client.

There is a separate agreement between your client and the Department of Commerce regarding disposition of certain civil claims against your client which is attached. Your client has separately agreed with the Department of Commerce to settle its civil liability with, among other conditions, a fine which is set forth in that attached agreement.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

Jonathan M. Malis
Assistant United States Attorney
(202) 305-9665

-5-



### Defendant's Agreement

I am a Director of Proclad International Pipelines, Limited. I am authorized by Proclad International Pipelines, Limited, to act on its behalf in this matter.

I have read this plea agreement and carefully reviewed every part of it with the corporation's attorney, Zachary J. Harmon, Esq. I am fully satisfied with the legal services provided by Mr. Harmon in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me or Proclad International Pipelines, Limited, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me or Proclad International Pipelines, Limited, other than those set forth above.

24 SEPTEMBER 2007
Date

By: Alan Rodger
Director, Proclad International Pipelines, Inc. LIMITED

### Attorney's Acknowledgment

I am counsel for Proclad International Pipelines, Limited. I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed fully the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

October 2, 2007
Date

Zachary J. Harmon, Esq.
Counsel for Proclad International Pipelines, Inc. LIMITED

-6-

*Attachment 1*
*CR: 07-276*

**Company No. 02978662**

**FILED**
**NOV 3 0 2007**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RESOLUTION

## OF

## THE BOARD OF DIRECTORS OF

## PROCLAD INTERNATIONAL PIPELINES LIMITED

## PASSED 13 SEPTEMBER 2007

At a meeting of the Board of Directors of the above named company duly convened and held on 13 September 2007, the following resolution was duly passed:

THAT:

Proclad International Pipelines Limited ("the Company") do enter into a plea agreement with the United States Department of Justice (District of Columbia) as presented to the Board of Directors of the Company on 13 September 2007 AND THAT Zachary Harmon of King & Spalding, 1700 Pennsylvania Avenue NW, Washington, DC20006 – 4706, (or such other attorney at King & Spalding as the Company may nominate in his stead) be empowered to act as the Company's outside Counsel on its behalf for the purposes of and on matters ancillary to the said plea agreement.

Signed ............................

Mr Yaseen Mohamed Jaafar Mohamed Mohsen

Chairman

DUNFERMLINE 18 SEPTEMBER 2007

I hereby certify that this an original & genuine resolution of Proclad International Pipelines Limited.

DIRECTOR          Notary Public

Legal01#9674506v1[SSC]/[KCC1]

*Attachment 2*
*CR: 07-276*

UNITED STATES DEPARTMENT OF COMMERCE
BUREAU OF INDUSTRY AND SECURITY
WASHINGTON, D.C. 20230

FILED

NOV 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the Matter of:            )
                             )
Proclad International Pipelines Ltd.  )
Faraday Road, South Industrial Estate )
Glenrothes, Fife, KY6 2RU    )
Scotland, United Kingdom     )
                             )
        Respondent           )

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Proclad International Pipelines Ltd. ("Proclad"), and the Bureau of Industry and Security, U.S. Department of Commerce ("BIS") (collectively referred to as "Parties"), pursuant to Section 766.18(a) of the Export Administration Regulations (currently codified at 15 C.F.R. Parts 730-774 (2007)) ("Regulations"),[1] issued pursuant to the Export Administration Act of 1979, as amended (50 U.S.C. app. §§ 2401-2420 (2000)) ("Act"),[2]

WHEREAS, BIS has notified Proclad of its intention to initiate an administrative proceeding against Proclad, pursuant to the Act and the Regulations;

WHEREAS, BIS has issued a proposed charging letter to Proclad that alleged that Proclad committed ten violations of the Regulations, specifically:

---

[1] The violations charged occurred in 2004. The Regulations governing the violations at issue are found in the 2004 version of the Code of Federal Regulations (15 C.F.R. Parts 730-774 (2004)). The 2007 Regulations establish the procedures that apply to this matter.

[2] Since August 21, 2001, the Act has been in lapse and the President, through Executive Order 13222 of August 17, 2001 (3 C.F.R., 2001 Comp. 783 (2002)), as extended by the Notice of August 2, 2006 (71 Fed. Reg. 44551 (August 7, 2006)), has continued the Regulations in effect under IEEPA.

- 15781 4



Settlement Agreement
Proclad International Pipelines Ltd.
Page 2 of 8

**Charge 1** (15 C.F.R. §764.2(b) - Causing, Aiding or Abetting a Violation of the Regulations)

On or about February 11, 2004, Proclad caused, aided or abetted acts prohibited by the Regulations by ordering and attempting to export nickel alloy pipes, items subject to the Regulations and to the Iranian Transactions Regulations[3] and classified as EAR99, from the United States to Iran through the United Arab Emirates without the required U.S. Government authorization. Specifically, the pipes were tendered to a freight forwarder with associated shipping markings indicating the final ultimate destination of Iran. Because no evidence of a U.S. Government authorization was provided, the transaction was declined by the freight forwarder and the goods were returned to the U.S. manufacturer. Pursuant to Section 560.204 of the Iranian Transactions Regulations maintained by the Department of the Treasury's Office of Foreign Assets Control (OFAC), an export to Iran is a transaction that requires OFAC authorization. Pursuant to Section 746.7 of the Regulations, no person may engage in the exportation of an items subject to both the Regulations and the Iranian Transactions Regulations without authorization from OFAC. In taking the actions described herein, Proclad committed one violation of Section 764.2(b) of the Regulations.

**Charge 2** (15 C.F.R. §764.2(d) - Conspiracy to Violate the Regulations)

Beginning on or about February 11, 2004 and continuing through on or about February 18, 2004, Proclad conspired and acted in concert with others, known and unknown, to bring about an act that violates the Regulations. The purpose of the conspiracy was to export nickel alloy pipes, items subject to the Regulations and to the Iranian Transactions Regulations and classified as EAR99, from the United States to Iran through the United Kingdom and/or the United Arab Emirates without prior authorization from OFAC, as required by Section 746.7 of the Regulations. Proclad and its co-conspirators took acts in furtherance of the conspiracy by tendering the pipes to a freight forwarder in the United States with false or misleading documentation for the purpose of attempting to export the pipes to Iran without the required OFAC authorization. In taking the actions described herein, Proclad committed one violation of Section 764.2(d) of the Regulations.

**Charges 3-4** (15 C.F.R. §764.2(b) - Causing, Aiding or Abetting a Violation of the Regulations)

On or about February 18, 2004, and on or about February 20, 2004, Proclad caused, aided or abetted acts prohibited by the Regulations by providing false or misleading shipping documentation to two U.S. manufacturers of certain nickel alloy pipes intended to disguise the true ultimate destination of Iran for the purpose of the attempted exportation to Iran of such

---

[3] 31 C.F.R. Part 560 (2007).

- 15781 4

Settlement Agreement
Proclad International Pipelines Ltd.
Page 3 of 8

items without prior authorization from OFAC, as required by Section 746.7 of the Regulations. The nickel alloy pipes involved are items subject to the Regulations and to the Iranian Transactions Regulations and are classified as EAR99. The false or misleading documentation was to be provided to the freight forwarders arranging shipment of the pipes to the United Arab Emirates. Proclad knew that OFAC authorization was required prior to exporting the nickel alloy pipes because it had been informed by a freight forwarder of the applicable licensing requirements during a previous attempt to export the pipes to Iran. In taking these actions, Proclad committed two violations of Section 764.2(b) of the Regulations.

**Charges 5-6  (15 C.F.R. §764.2(e) - Ordering Nickel Alloy Pipes with Knowledge that a Violation of the Regulations is Intended to Occur)**

Beginning on or about February 11, 2004 and continuing through on or about February 20, 2004, Proclad engaged in negotiations and ordered nickel alloy pipes from two U.S. manufacturers with the knowledge that a violation of the Regulations was about to occur or was intended to occur in connection with the exportation of the nickel alloy pipes to Iran. At all times relevant hereto, Proclad knew or had reason to know that the exportation to Iran of the nickel alloy pipes in question required authorization from OFAC and that the required authorization would not be obtained. In taking these actions, Proclad committed two violations of Section 764.2(e) of the Regulations.

**Charges 7-8  (15 C.F.R. §764.2(h) - Taking Actions with the Intent of Evading the Regulations)**

Beginning on or about February 11, 2004 and continuing through on or about February 20, 2004, Proclad took actions with the intent of evading the Regulations. Specifically, Proclad altered markings for use on the crates of nickel alloy pipes that it was attempting to export to Iran. The altered markings were provided to the U.S. manufacturers in lieu of markings previously provided indicating that pipes were being exported to Iran. Proclad altered the markings to conceal the true ultimate destination of the items after it had been informed by a freight forwarder of the applicable licensing requirements during a previous attempt to export the pipes to Iran. In taking these actions, Proclad committed two violations of Section 764.2(h) of the Regulations.

**Charges 9-10  (15 C.F.R. §764.2(g) - Misrepresentation and Concealment of Facts)**

On or about March 18, 2004, and on or about April 6, 2004, in the course of an investigation subject to the Regulations, Proclad made false or misleading statements or representations, and/or concealed material facts to an agent of BIS's Office of Export Enforcement (OEE), acts prohibited by the Regulations. On two occasions Proclad, through a senior employee and another employee acting under his instruction, made both oral and written statements to an OEE agent that included false information about the true ultimate consignee and destination for nickel

- 15781.4



Settlement Agreement
Proclad International Pipelines Ltd.
Page 4 of 8

alloy pipes Proclad had procured from U.S. manufacturers and attempted to export from the United States to Iran. The pipes were detained by OEE prior to their departure from the United States. In making these statements to OEE in the course of an investigation subject to the Regulations, Proclad committed two violations of Section 764.2(g) of the Regulations.

WHEREAS, Proclad has reviewed the proposed charging letter and is aware of the allegations made against it and the administrative sanctions which could be imposed against it if the allegations are found to be true;

WHEREAS, Proclad fully understands the terms of this Agreement and the Order ("Order") that the Assistant Secretary of Commerce for Export Enforcement will issue if he approves this Agreement as the final resolution of this matter;

WHEREAS, Proclad enters into this Agreement voluntarily and with full knowledge of its rights;

WHEREAS, the parties enter into this Agreement having taken into consideration a plea agreement that Proclad has agreed to enter into with the U.S. Attorney for the District of Columbia in the related criminal case;

WHEREAS, Proclad states that no promises or representations have been made to it other than the agreements and considerations herein expressed;

WHEREAS, Proclad neither admits nor denies the allegations contained in the proposed charging letter;

WHEREAS, Proclad wishes to settle and dispose of all matters alleged in the proposed charging letter by entering into this Agreement; and

WHEREAS, Proclad agrees to be bound by the Order, if entered;

- 15781 4

Settlement Agreement
Proclad International Pipelines Ltd.
Page 5 of 8

NOW THEREFORE, the Parties hereby agree as follows:

1. BIS has jurisdiction over Proclad, under the Regulations, in connection with the matters alleged in the proposed charging letter.

2. The following sanctions shall be imposed against Proclad in complete settlement of the violations of the Regulations set forth in the proposed charging letter:

a. Proclad shall be assessed a civil penalty in the amount of $100,000, which shall be paid to the U.S. Department of Commerce within 30 days from the date of entry of this Order. Payment shall be made in the manner specified in the attached instructions.

b. The timely payment of the civil penalty agreed to in paragraph 2.a. is hereby made a condition to the granting, restoration, or continuing validity of any export license, License Exception, permission, or privilege granted, or to be granted, to Proclad. Failure to make timely payment of the civil penalty set forth above may result in the denial of all of Proclad's export privileges for a period of one year from the date of imposition of the penalty.

c. For a period seven years from the date of entry of the Order, Proclad, its successors or assigns, and, when acting for or on behalf of Proclad, its officers, representatives, agents, or employees ("Denied Person") may not participate, directly or indirectly, in any way in any transaction involving any commodity, software or technology (hereinafter collectively referred to as "item") exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations, including, but not limited to:

-15781.4

Settlement Agreement
Proclad International Pipelines Ltd
Page 6 of 8

      i.    Applying for, obtaining, or using any license, License Exception, or export control document;

      ii.    Carrying on negotiations concerning, or ordering, buying, receiving, using, selling, delivering, storing, disposing of, forwarding, transporting, financing, or otherwise servicing in any way, any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations; or

      iii.    Benefitting in any way from any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations.

    d.    BIS agrees that, as authorized by Section 766.18 (c) of the Regulations, the seven year denial period set forth in paragraph 2.c. shall be suspended in its entirety for seven years, and shall thereafter be waived provided that Proclad commits no violation of the Act or any regulation, order or license issued thereunder, and provided further that Proclad has made timely payment of the $100,000 civil penalty assessed pursuant to this Agreement.

3. Subject to the approval of this Agreement pursuant to paragraph 8 hereof, Proclad hereby waives all rights to further procedural steps in this matter (except with respect to any alleged violations of this Agreement or the Order, if entered), including, without limitation, any right to: (a) an administrative hearing regarding the allegations in the proposed charging letter; (b) request a refund of any civil penalty paid pursuant to this Agreement and the Order, if

- 15781.4

entered and (c) seek judicial review or otherwise contest the validity of this Agreement or the Order, if entered.

4. Upon entry of the Order and timely payment of the $100,000 civil penalty, BIS will not initiate any further administrative proceeding against Proclad in connection with any violation of the Act or the Regulations arising out of the transactions identified in the proposed charging letter.

5. BIS will make the proposed charging letter, this Agreement, and the Order, if entered, available to the public.

6. This Agreement is for settlement purposes only. Therefore, if this Agreement is not accepted and the Order is not issued by the Assistant Secretary of Commerce for Export Enforcement pursuant to Section 766.18(a) of the Regulations, no Party may use this Agreement in any administrative or judicial proceeding and the Parties shall not be bound by the terms contained in this Agreement in any subsequent administrative or judicial proceeding.

7. No agreement, understanding, representation or interpretation not contained in this Agreement may be used to vary or otherwise affect the terms of this Agreement or the Order, if entered, nor shall this Agreement serve to bind, constrain, or otherwise limit any action by any other agency or department of the U.S. Government with respect to the facts and circumstances addressed herein.

8. This Agreement shall become binding on BIS only if the Assistant Secretary of Commerce for Export Enforcement approves it by entering the Order, which will have the same force and effect as a decision and order issued after a full administrative hearing on the record.

Settlement Agreement
Proclad International Pipelines Ltd.
Page 8 of 8

9. Each signatory affirms that he has authority to enter into this Settlement Agreement and to bind his respective party to the terms and conditions set forth herein.

| BUREAU OF INDUSTRY AND SECURITY<br>U.S. DEPARTMENT OF COMMERCE | PROCLAD INTERNATIONAL PIPELINES LTD |
|---|---|
| *signature: Thomas Madigan*<br>~~John McKenna~~ Thomas Madigan<br>Acting Director<br>Office of Export Enforcement | *signature*<br>Mr. Alan Rodger<br>Director |
| Date: October 4, 2007 | Date: 24 SETTEMBER 2007 |

- 15781.4