UNITED STATES DEPARTMENT OF COMMERCE
BUREAU OF INDUSTRY AND SECURITY
WASHINGTON, D.C. 20230

FILED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

In the Matter of:     )
                      )
Proclad International Pipelines Ltd.     )
Faraday Road, South Industrial Estate    )
Glenrothes, Fife, KY6 2RU                )
Scotland, United Kingdom                 )
                      )
    Respondent        )

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Proclad International Pipelines Ltd. ("Proclad"), and the Bureau of Industry and Security, U.S. Department of Commerce ("BIS") (collectively referred to as "Parties"), pursuant to Section 766.18(a) of the Export Administration Regulations (currently codified at 15 C.F.R. Parts 730-774 (2007)) ("Regulations"),[1] issued pursuant to the Export Administration Act of 1979, as amended (50 U.S.C. app. §§ 2401-2420 (2000)) ("Act"),[2]

WHEREAS, BIS has notified Proclad of its intention to initiate an administrative proceeding against Proclad, pursuant to the Act and the Regulations;

WHEREAS, BIS has issued a proposed charging letter to Proclad that alleged that Proclad committed ten violations of the Regulations, specifically:

---

[1] The violations charged occurred in 2004. The Regulations governing the violations at issue are found in the 2004 version of the Code of Federal Regulations (15 C.F.R. Parts 730-774 (2004)). The 2007 Regulations establish the procedures that apply to this matter.

[2] Since August 21, 2001, the Act has been in lapse and the President, through Executive Order 13222 of August 17, 2001 (3 C.F.R., 2001 Comp. 783 (2002)), as extended by the Notice of August 2, 2006 (71 Fed. Reg. 44551 (August 7, 2006)), has continued the Regulations in effect under IEEPA.

- 15781 4



Settlement Agreement
Proclad International Pipelines Ltd.
Page 2 of 8

**Charge 1**      **(15 C.F.R. §764.2(b) - Causing, Aiding or Abetting a Violation of the Regulations)**

On or about February 11, 2004, Proclad caused, aided or abetted acts prohibited by the Regulations by ordering and attempting to export nickel alloy pipes, items subject to the Regulations and to the Iranian Transactions Regulations[3] and classified as EAR99, from the United States to Iran through the United Arab Emirates without the required U.S. Government authorization. Specifically, the pipes were tendered to a freight forwarder with associated shipping markings indicating the final ultimate destination of Iran. Because no evidence of a U.S. Government authorization was provided, the transaction was declined by the freight forwarder and the goods were returned to the U.S. manufacturer. Pursuant to Section 560.204 of the Iranian Transactions Regulations maintained by the Department of the Treasury's Office of Foreign Assets Control (OFAC), an export to Iran is a transaction that requires OFAC authorization. Pursuant to Section 746.7 of the Regulations, no person may engage in the exportation of an items subject to both the Regulations and the Iranian Transactions Regulations without authorization from OFAC. In taking the actions described herein, Proclad committed one violation of Section 764.2(b) of the Regulations.

**Charge 2**      **(15 C.F.R. §764.2(d) - Conspiracy to Violate the Regulations)**

Beginning on or about February 11, 2004 and continuing through on or about February 18, 2004, Proclad conspired and acted in concert with others, known and unknown, to bring about an act that violates the Regulations. The purpose of the conspiracy was to export nickel alloy pipes, items subject to the Regulations and to the Iranian Transactions Regulations and classified as EAR99, from the United States to Iran through the United Kingdom and/or the United Arab Emirates without prior authorization from OFAC, as required by Section 746.7 of the Regulations. Proclad and its co-conspirators took acts in furtherance of the conspiracy by tendering the pipes to a freight forwarder in the United States with false or misleading documentation for the purpose of attempting to export the pipes to Iran without the required OFAC authorization. In taking the actions described herein, Proclad committed one violation of Section 764.2(d) of the Regulations.

**Charges 3-4**      **(15 C.F.R. §764.2(b) - Causing, Aiding or Abetting a Violation of the Regulations)**

On or about February 18, 2004, and on or about February 20, 2004, Proclad caused, aided or abetted acts prohibited by the Regulations by providing false or misleading shipping documentation to two U.S. manufacturers of certain nickel alloy pipes intended to disguise the true ultimate destination of Iran for the purpose of the attempted exportation to Iran of such

---

[3] 31 C.F.R. Part 560 (2007).

- 15781 4

Settlement Agreement
Proclad International Pipelines Ltd.
Page 3 of 8

items without prior authorization from OFAC, as required by Section 746.7 of the Regulations. The nickel alloy pipes involved are items subject to the Regulations and to the Iranian Transactions Regulations and are classified as EAR99. The false or misleading documentation was to be provided to the freight forwarders arranging shipment of the pipes to the United Arab Emirates. Proclad knew that OFAC authorization was required prior to exporting the nickel alloy pipes because it had been informed by a freight forwarder of the applicable licensing requirements during a previous attempt to export the pipes to Iran. In taking these actions, Proclad committed two violations of Section 764.2(b) of the Regulations.

**Charges 5-6   (15 C.F.R. §764.2(e) - Ordering Nickel Alloy Pipes with Knowledge that a Violation of the Regulations is Intended to Occur)**

Beginning on or about February 11, 2004 and continuing through on or about February 20, 2004, Proclad engaged in negotiations and ordered nickel alloy pipes from two U.S. manufacturers with the knowledge that a violation of the Regulations was about to occur or was intended to occur in connection with the exportation of the nickel alloy pipes to Iran. At all times relevant hereto, Proclad knew or had reason to know that the exportation to Iran of the nickel alloy pipes in question required authorization from OFAC and that the required authorization would not be obtained. In taking these actions, Proclad committed two violations of Section 764.2(e) of the Regulations.

**Charges 7-8   (15 C.F.R. §764.2(h) - Taking Actions with the Intent of Evading the Regulations)**

Beginning on or about February 11, 2004 and continuing through on or about February 20, 2004, Proclad took actions with the intent of evading the Regulations. Specifically, Proclad altered markings for use on the crates of nickel alloy pipes that it was attempting to export to Iran. The altered markings were provided to the U.S. manufacturers in lieu of markings previously provided indicating that pipes were being exported to Iran. Proclad altered the markings to conceal the true ultimate destination of the items after it had been informed by a freight forwarder of the applicable licensing requirements during a previous attempt to export the pipes to Iran. In taking these actions, Proclad committed two violations of Section 764.2(h) of the Regulations.

**Charges 9-10   (15 C.F.R. §764.2(g) - Misrepresentation and Concealment of Facts)**

On or about March 18, 2004, and on or about April 6, 2004, in the course of an investigation subject to the Regulations, Proclad made false or misleading statements or representations, and/or concealed material facts to an agent of BIS's Office of Export Enforcement (OEE), acts prohibited by the Regulations. On two occasions Proclad, through a senior employee and another employee acting under his instruction, made both oral and written statements to an OEE agent that included false information about the true ultimate consignee and destination for nickel

- 15781.4



Settlement Agreement
Proclad International Pipelines Ltd.
Page 4 of 8

alloy pipes Proclad had procured from U.S. manufacturers and attempted to export from the United States to Iran. The pipes were detained by OEE prior to their departure from the United States. In making these statements to OEE in the course of an investigation subject to the Regulations, Proclad committed two violations of Section 764.2(g) of the Regulations.

WHEREAS, Proclad has reviewed the proposed charging letter and is aware of the allegations made against it and the administrative sanctions which could be imposed against it if the allegations are found to be true;

WHEREAS, Proclad fully understands the terms of this Agreement and the Order ("Order") that the Assistant Secretary of Commerce for Export Enforcement will issue if he approves this Agreement as the final resolution of this matter;

WHEREAS, Proclad enters into this Agreement voluntarily and with full knowledge of its rights;

WHEREAS, the parties enter into this Agreement having taken into consideration a plea agreement that Proclad has agreed to enter into with the U.S. Attorney for the District of Columbia in the related criminal case;

WHEREAS, Proclad states that no promises or representations have been made to it other than the agreements and considerations herein expressed;

WHEREAS, Proclad neither admits nor denies the allegations contained in the proposed charging letter;

WHEREAS, Proclad wishes to settle and dispose of all matters alleged in the proposed charging letter by entering into this Agreement; and

WHEREAS, Proclad agrees to be bound by the Order, if entered;


- 15781 4

Settlement Agreement
Proclad International Pipelines Ltd.
Page 5 of 8

NOW THEREFORE, the Parties hereby agree as follows:

1. BIS has jurisdiction over Proclad, under the Regulations, in connection with the matters alleged in the proposed charging letter.

2. The following sanctions shall be imposed against Proclad in complete settlement of the violations of the Regulations set forth in the proposed charging letter:

   a. Proclad shall be assessed a civil penalty in the amount of $100,000, which shall be paid to the U.S. Department of Commerce within 30 days from the date of entry of this Order. Payment shall be made in the manner specified in the attached instructions.

   b. The timely payment of the civil penalty agreed to in paragraph 2.a. is hereby made a condition to the granting, restoration, or continuing validity of any export license, License Exception, permission, or privilege granted, or to be granted, to Proclad. Failure to make timely payment of the civil penalty set forth above may result in the denial of all of Proclad's export privileges for a period of one year from the date of imposition of the penalty.

   c. For a period seven years from the date of entry of the Order, Proclad, its successors or assigns, and, when acting for or on behalf of Proclad, its officers, representatives, agents, or employees ("Denied Person") may not participate, directly or indirectly, in any way in any transaction involving any commodity, software or technology (hereinafter collectively referred to as "item") exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations, including, but not limited to:

-15781.4



Settlement Agreement
Proclad International Pipelines Ltd
Page 6 of 8

    i. Applying for, obtaining, or using any license, License Exception, or export control document;

    ii. Carrying on negotiations concerning, or ordering, buying, receiving, using, selling, delivering, storing, disposing of, forwarding, transporting, financing, or otherwise servicing in any way, any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations; or

    iii. Benefitting in any way from any transaction involving any item exported or to be exported from the United States that is subject to the Regulations, or in any other activity subject to the Regulations.

  d. BIS agrees that, as authorized by Section 766.18 (c) of the Regulations, the seven year denial period set forth in paragraph 2.c. shall be suspended in its entirety for seven years, and shall thereafter be waived provided that Proclad commits no violation of the Act or any regulation, order or license issued thereunder, and provided further that Proclad has made timely payment of the $100,000 civil penalty assessed pursuant to this Agreement.

3. Subject to the approval of this Agreement pursuant to paragraph 8 hereof, Proclad hereby waives all rights to further procedural steps in this matter (except with respect to any alleged violations of this Agreement or the Order, if entered), including, without limitation, any right to: (a) an administrative hearing regarding the allegations in the proposed charging letter; (b) request a refund of any civil penalty paid pursuant to this Agreement and the Order, if

- 15781.4



Settlement Agreement
Proclad International Pipelines Ltd.
Page 7 of 8

entered and (c) seek judicial review or otherwise contest the validity of this Agreement or the Order, if entered.

4. Upon entry of the Order and timely payment of the $100,000 civil penalty, BIS will not initiate any further administrative proceeding against Proclad in connection with any violation of the Act or the Regulations arising out of the transactions identified in the proposed charging letter.

5. BIS will make the proposed charging letter, this Agreement, and the Order, if entered, available to the public.

6. This Agreement is for settlement purposes only. Therefore, if this Agreement is not accepted and the Order is not issued by the Assistant Secretary of Commerce for Export Enforcement pursuant to Section 766.18(a) of the Regulations, no Party may use this Agreement in any administrative or judicial proceeding and the Parties shall not be bound by the terms contained in this Agreement in any subsequent administrative or judicial proceeding.

7. No agreement, understanding, representation or interpretation not contained in this Agreement may be used to vary or otherwise affect the terms of this Agreement or the Order, if entered, nor shall this Agreement serve to bind, constrain, or otherwise limit any action by any other agency or department of the U.S. Government with respect to the facts and circumstances addressed herein.

8. This Agreement shall become binding on BIS only if the Assistant Secretary of Commerce for Export Enforcement approves it by entering the Order, which will have the same force and effect as a decision and order issued after a full administrative hearing on the record.

- 15781.4

Settlement Agreement
Proclad International Pipelines Ltd.
Page 8 of 8

9. Each signatory affirms that he has authority to enter into this Settlement Agreement and to bind his respective party to the terms and conditions set forth herein.

| BUREAU OF INDUSTRY AND SECURITY U.S. DEPARTMENT OF COMMERCE | PROCLAD INTERNATIONAL PIPELINES LTD |
|---|---|
| *Thomas Madigan* (signature) | *Alan Rodger* (signature) |
| ~~John McKenna~~ Thomas Madigan | Mr. Alan Rodger |
| Acting Director | Director |
| Office of Export Enforcement | |
| Date: October 4, 2007 | Date: 24 SETTEMBER 2007 |

- 15781.4